UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 97-00758-CR-LENARD/O'SULLIVAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CARLOS CABRERA,

    Defendant.
_____/

### **ORDER**

THIS MATTER came before the Court on the Affidavit Accompanying Motion for Permission to Appeal in Forma Pauperis (DE# 123, 10/16/19) (hereinafter "instant filing") filed by the defendant pro se. This matter was referred to the undersigned by the Honorable Joan A. Lenard, United States District Judge for the Southern District of Florida, pursuant to 28 U.S.C. § 636(b). See Referral Order (DE# 125, 10/17/19).

"Federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a pro se inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990). Although the instant filing is titled "Affidavit *Accompanying Motion* for Permission to Appeal in Forma Pauperis," the record does not reflect an actual motion for permission to appeal in forma pauperis or even a notice of appeal. (emphasis added). The undersigned notes that on the same day as the instant filing, the defendant filed a pro se Motion for Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act (DE# 124, 10/16/19). To the

extent the instant filing is related to the motion for a reduced sentence, the instant filing is **DENIED**. No filing fee is associated with the filing of a motion for a reduced sentence. See Fee Schedules, 28 U.S.C. §§ 1913, 1914 and 1917.

To the extent the defendant intends to appeal a ruling of this Court, the instant filing is **DENIED**. Title 28, United States Code, Section 1915(a)(1) states that:

> Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. **Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress**.

28 U.S.C. § 1915(a)(1) (emphasis added).

Rule 24(a)(1) of the Federal Rules of Appellate Procedure similarly states that:

> (a) Leave to Proceed in Forma Pauperis.
>
> > (1) Motion in the District Court. Except as stated in Rule 24(a)(3), a party to a district court action who desires to appeal in forma pauperis must file a motion in the district court. **The party must attach an affidavit that**:
> >
> > > (A) shows in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay or to give security for fees and costs;
> > >
> > > **(B) claims an entitlement to redress; and**
> > >
> > > **(C) states the issues that the party intends to present on appeal.**

Fed. R. App. P. 24(a)(1) (emphasis added).

Nowhere in the defendant's Affidavit Accompanying Motion for Permission to Appeal in Forma Pauperis (DE# 123, 10/16/19) does the defendant "state the nature of

the action, defense or appeal and affiant's belief that the person is entitled to redress" as required by section 1915(a)(1) and Fed. R. App. P. 24 (a)(1)(B)-(C).

The Court should afford a litigant proceeding pro se wide leeway in pleadings. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam). However, pro se litigants must satisfy essential burdens. See, e.g., Brown v. Crawford, 906 F.2d 667, 670 (11th Cir. 1991). Here, the defendant has failed to satisfy several essential burdens required under the law and the failure to comply with this requirement is not a mere formality. "A statement of issues to be appealed enables the court to determine whether the appeal would be frivolous or not taken in good faith." Natures Point Homeowners Ass'n, Inc. v. Jones, No. 1:18-CV-942-WSD, 2018 WL 2325409, at *3 (N.D. Ga. May 22, 2018). The failure to include this information is grounds for denying relief. See Howard v. Huntington Nat'l Bank, No. 2:09-cv-251, 2010 WL 4642913, at *3 (S.D. Ohio Nov. 4, 2010) ("The affidavit . . . does not include a statement of the issues he intends to present on appeal, the omission of which is fatal to a Rule 24(a) motion.").

Additionally, the undersigned notes that the last ruling issued by this Court was a denial of a motion filed pursuant to the Freedom of Information Act on July 25, 2019. Approximately 84 days has passed since the Court's most recent ruling. Any notice of appeal filed at this time would be untimely.

## **CONCLUSION**

Based on the foregoing, it is

ORDERED AND ADJUDGED that the Affidavit Accompanying Motion for

3

Permission to Appeal in Forma Pauperis (DE# 123, 10/16/19) is **DENIED**. It is further

DONE AND ORDERED in Chambers at Miami, Florida this **18th** day of October, 2018.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies mailed by Chambers to:
Carlos Cabrera
57774-004
Yazoo City Medium
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 5888
Yazoo City, MS 39194
PRO SE